AUGUSTUS N. EDDY *et al.* Exrs.

*v.*

THE PEOPLE, for use, etc.

*Opinion filed October 19, 1900.*

1. PROBATE—*interest on claim and judgment is of the same class as the claim.* Interest accruing before the allowance of a claim against an estate and the statutory interest accruing after the claim is allowed are a mere incident of the claim itself, and the claimant is entitled to preferential payment in full before claims of a lower class are paid.

2. BONDS—*when sureties on executor's bond are released as to accrued interest.* Sureties on a deceased executor's bond are released as to accrued interest upon a judgment against the executor's estate, where there were sufficient funds to pay the judgment and interest. but not enough to pay the claims of the next class in full, and the claimant, without notice to the sureties, expressly waived preferential payment of such interest and accepted the amount of the judgment alone, consenting that the balance of the estate be distributed on claims of the next class.

*Eddy* v. *People, for use*, 88 Ill. App. 265, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

HOLT, WHEELER & SIDLEY, for appellants.

THORNTON & CHANCELLOR, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Edwin Bean was executor of the will of John H. Hooper, deceased, and Franklin F. Spencer was one of the sureties on his bond as such executor. Bean and Spencer died. Appellants, Augustus N. Eddy and Arthur J. Caton, are executors of the will of Spencer, and appellee, Charles S. Bloch, is administrator *de bonis non* of the estate of Hooper. Appellee brought this suit in the superior court against appellants on said bond, and alleged as breaches that the deceased executor, Bean, did not make a proper inventory of the Hooper estate, and that he misapplied and converted certain sums of money belonging to that estate. A jury was waived and the cause was tried by the court. At the trial the demand of the plaintiff was for interest upon a claim of $5942.57 allowed in favor of the plaintiff as a preferred claim of the sixth class against the estate of Bean in the probate court of Cook county. The claim was allowed in 1891 and the principal was paid in 1897, leaving the accrued interest unpaid, which plaintiff claimed in this suit. The defense made was, that the administrator of the Bean estate had funds sufficient to pay in full the said claim and interest from the time of its allowance and leave a balance for a part payment of claims of the seventh class; that the plaintiff was entitled to such payment in full, but waived all claim to the payment of interest on his judgment as a preferred claim of the sixth

187—20

class and consented to a distribution of said funds to holders of claims of the seventh class, and that by waiving a preferential claim to the interest and consenting to the distribution of that amount among the seventh-class creditors the sureties of Bean were released. The court found for plaintiff and assessed his damages at $1474.20. The Branch Appellate Court for the First District affirmed the judgment.

The evidence proved the following facts: On February 12, 1890, Edwin Bean was appointed executor of the will of John H. Hooper, deceased, and he died October 7, 1890, without having filed an inventory. Plaintiff was appointed administrator *de bonis non* of the estate of Hooper, and filed a claim against the Bean estate in the probate court for the balance due the Hooper estate. The claim, being for trust funds, was allowed as of the sixth class October 22, 1891, for the sum of $5942.57. Other claims were allowed against the Bean estate, among them being a considerable number and amount of the seventh class. In July, 1892, plaintiff brought this suit on the bond, but nothing was done with it until after a final settlement of the Bean estate. In April, 1897, a final account was filed in the Bean estate, showing all claims paid except this sixth-class claim and various seventh-class claims. There was more cash than would be required to pay this claim in full, with all interest, but not enough to pay in full all seventh-class claims. There was some discussion between plaintiff's attorney and those representing claims of the seventh class as to whether the interest on plaintiff's claim was preferred as well as the principal, but the question was not submitted to the court and plaintiff waived all right to receive payment of the interest as a preferred claim of the sixth class and consented to receive the principal, and that the remainder of the estate, amounting to $3850.46, should be distributed among holders of claims of the seventh class.

The defendants asked the court to hold as law, by propositions submitted for that purpose, in substance, that the interest on the judgment against the estate of Bean was a part of the judgment and entitled to payment equally and in the same class with the principal, and that the waiver of all right to the interest as a preferred claim operated to discharge the sureties, but the court refused to hold such propositions.

Counsel for both parties say that the court deducted from the plaintiff's claim $160 as the *pro rata* share which he would have received if he had taken said share of such interest as a part of the seventh-class claims. In other words, they say that the interest on the claim amounted to $1600 and the distribution among seventh-class claimants was about ten per cent, and if the plaintiff had taken a distributive share of the interest as a seventh-class claimant he would have received about $160, and the court held that the sureties were released to that extent.

The protection which the statute gave to the claim for money received in trust by Bean, as executor of the will of Hooper, extended to the interest upon such money equally with the principal. The object of the statute is to classify debts or claims according to their quality, and the claim embraces the interest on it as well as the principal. If interest should accrue upon moneys received in trust before the allowance of the claim, it would be merged in the judgment and be an integral part of it, and the interest accruing afterward is the statutory allowance for non-payment. In either case it is a mere incident of the principal thing, attaching to it and not separable from it for the purpose of classification. Plaintiff's judgment against the Bean estate drew interest at the statutory rate, (*Mitchell* v. *Mayo*, 16 Ill. 83,) and the statute required the administrator to pay the claims according to their respective classes, commencing with the first class. There was sufficient money to pay the total

amount of plaintiff's claim, principal and interest, and he was entitled to receive it before anything should be paid upon claims of the seventh class.

The Bean estate was in the course of administration under the control of the probate court, and the plaintiff had established a preferential right in that court to the amount of his claim. Without consulting the defendants or notifying them, he withdrew and surrendered his preference,—not through any decision or judgment of the court, but upon his own motion. It is a well settled principle that any act of the obligee inconsistent with the rights of the surety releases the latter to the extent of the injury occasioned by such act, and if the obligee has a pledge or security for the debt and parts with it without the knowledge of the surety he releases the surety to the amount of the property surrendered. If he has the means of satisfaction in his hands and voluntarily surrenders it he thereby discharges the surety to the extent of such means. (*Rogers* v. *School Trustees*, 46 Ill. 428; *Kirkpatrick* v. *Howk*, 80 id. 122; *Holmes* v. *Williams*, 177 id. 386.) Of course, the fact that some seventh-class creditors objected to the payment of interest as preferred would afford no justification for a waiver or release of the claim,—at least without submitting the question to the decision or judgment of the court. It must be assumed that the probate court would have applied the statute and the plaintiff's claim would have been paid in full if he had not expressly waived the interest as he did. Plaintiff had a right to the fund to the extent of his entire claim, and distribution could not have been made except by paying him in full in the absence of his waiver. There is no more reason for holding the sureties for the interest than there would have been for the principal if the plaintiff had consented that the principal also should be paid to seventh-class claimants. It is true that this suit had been brought and had been pending for some time, and, as counsel say, it operated as a

continuous demand for the whole sum due from the time the summons was served; but we do not see how that affects in any way the question whether the plaintiff could release, to the injury of the sureties, a fund against which he had established a claim. The relations of the parties were not altered in any respect by the pendency of this suit. Defendants remained sureties as they were before, and if plaintiff would have been otherwise bound to not release the assets of the Bean estate he was equally bound although his suit was pending. It is also true that the plaintiff might pursue the remedies afforded by the law, both against the estate and the sureties, until he obtained satisfaction. The contract of the sureties was a primary obligation, and they were bound equally and absolutely with the principal, but at the same time they had a right that the plaintiff should not be guilty of any act prejudicial to their rights by surrendering the means of satisfaction already acquired. The sureties would have had a right to discharge the obligation and be subrogated to the claim against Bean's estate; but this claim had been allowed as of the sixth class, and there was money enough to pay it in full, both principal and interest, and we see no reason why they should be required to assume that their rights would be endangered or lost by any act of the plaintiff if they did not make such payment.

We are led to the conclusion that plaintiff's waiver of his right to the interest sued for, and his consent that it should be paid to the seventh-class creditors, would operate in law to discharge the sureties as to such interest, and the trial court was in error in refusing to hold the propositions of law submitted and the Appellate Court erred in affirming the judgment.

The judgments of the Appellate Court and the superior court of Cook county are reversed and the cause is remanded to the superior court.

*Reversed and remanded.*