On Rehearing.

Gunter, J.
The judgment tendered for classification as a valid judgment was void because rendered without jurisdiction of the defendant, the administratrix.—Symes, Administratrix, Plaintiff in Error, v. Charpiot, Defendant in Error, supra.
This defense- — lack of jurisdiction of the defendant in the court rendering the judgment — was available to the defendant in any proceeding on the judgment.—Wilson v. Hawthorne, supra; Smith v. Morrill et al., supra.
It was within the jurisdiction of the county court sitting for probate business when such judgment was tendered for classification as a claim against the estate to entertain this defense, and if established, as it was, to decline to classify the judgment as a valid claim.
“Whatever may be the law in England, or in any other states of the union, we are clearly of the opinion that, under our constitution and statutes, the county court, in all matters pertaining to probate business, has as ample powers and as full jurisdiction with respect thereto as have the district courts of this state over matters within their jurisdiction. — Constitution, art. 6, sec. 23; Mills’ Ann. Stats., see. 1054; Schlink v. Maxton, 153 Ill. 447.”—Clemes v. Fox, 25 Colo. 39, 45, 53 Pac. 225.
We remain of the opinion that the county court should have held the judgment tendered invalid and *470 should have declined to classify it as a claim against the estate.
Petition for rehearing denied. Denied.