ELIJAH MITCHELL, Plaintiff in Error, *v.* SAMUEL T. MAYO, Administrator, &c., Defendant in Error.

AGREED CASE FROM MACOUPIN.

In the county court, when a note bearing ten per cent. interest, is presented against an estate and allowed, the note is extinguished by the judgment, and but six per cent. interest can be allowed upon such judgment.

An order of the county court in favor of a creditor against an estate, is a judgment.

THIS was an agreed case from Macoupin County, setting forth that on the 9th of May, 1851, the deceased gave his note to the plaintiff for $450, to bear interest from date, at the rate of ten per cent. per annum, for money loaned. Under the 95th section of Statute of " Wills," defendant gave notice of a day in the County Court of said county, for adjustment of claims

against the estate of said deceased, when said note was presented and allowed in favor of the plaintiff. The question certified and submitted to the Supreme Court, is this, "Does the allowance of said note reduce the rate of interest payable on the same from ten to six per cent. ? "

D. A. SMITH, for the Plaintiff.

PALMER and PITMAN, for the Defendant.

CATON, J. The question presented in this cause is, whether the decision of the county court allowing the claim of the creditor against the estate was, in the language of the statute, a " judgment recovered before any court or magistrate authorized to enter up the same within this State." We think it fully settled in the case of *Propts* v. *Meadows*, 13 Ill. 157, that it was such a judgment. In pursuance of Sec. 95, Stat. of Wills, the administrator gave notice to persons having claims against the estate, to appear before the county court, on a certain day, and present and establish their claims. In pursuance of such notice, the creditor did appear, presented and proved his claim against the estate, and it was allowed. That the court had jurisdiction to hear and determine upon the claim, there is no doubt, and that the parties, that is, the creditor and the administrator, were regularly before the court, for the purpose of investigating and determining the claim, is not questioned. This court said in the case above referred to, " When the parties are thus before the court, its adjudication is final and conclusive upon them." Here, then, the court had jurisdiction of the persons and of the subject matter. It heard and determined the facts, and pronounced the conclusion of the law upon the facts thus found, and such determination was final and conclusive upon the parties thus before the court. It was a judgment of a court of competent jurisdiction in a judicial proceeding properly instituted and regularly pending before it. What was the form of the judgment thus entered by the county court, the agreement certified does not show, but we are to presume that the judgment allowing the claim was in proper form. Of that, no question is made. It is true that no execution could be issued upon the judgment, but in this respect it is like a judgment of the circuit court against an administrator. Upon such a judgment as upon this, no execution is awarded, but the judgment is ordered to be paid in the due course of administration. The effect of the order, adjudication or judgment, is precisely the same in the one case as in the other.

It must be certified to the court below that the note was extinguished by the judgment of the county court, and that but six per cent. interest can be allowed upon that judgment.