ANNA F. WARD

*v.*

ELIZABETH DURHAM *et al.*

*Filed at Ottawa October 31, 1890.*

1. ADMINISTRATION OF ESTATES—*jurisdiction*—*allowance of claims after the day appointed.* Where a claim is filed in the probate court against an estate after the publication of notice for the presentation of claims, but before the day set for that purpose, and long after the day so set for the adjustment of claims it is allowed, the record failing to show the presence of the administrator or objection on his part, it will, in the absence of allegation and proof to the contrary, be presumed that the cause was continued from term to term. In such case, the court will have jurisdiction both of the subject matter and of the persons, to render the judgment.

2. An administrator gives the court jurisdiction of his person by notice for the presentation of claims against the estate, and will be bound to take notice of the orders of the court continuing claims filed on or before the day named in his adjustment notice.

3. SAME—*allowance of claim binds personal property.* A judgment allowing a claim against an estate of a deceased person is not only conclusive on the administrator or executor, but also against the heir-at-law or devisee in respect to the personal estate, in the absence of fraud or collusion in its rendition; but it is not conclusive against the lands left by the decedent.

4. If the administrator is delinquent in his duty, and not defending against improper claims, the heirs will have a remedy on his bond.

5. SAME—*fraud—in presentation of claim.* There is no fraud in the presentation against an estate of a note of the decedent, without disclosing facts which would defeat the allowance of the same.

6. CHANCERY—*relief against judgment or decree.* To entitle a defendant to relief against a judgment or decree on the ground of fraud, accident or mistake, it must be made evident that he had a defense on the merits, and that such defense has been lost to him without his own omission, negligence or default. The loss of the defense must be caused by the fraud of the prevailing party, or by mistake on the part of the other party, unmixed with any fault of himself or agent.

7. Mere irregularity, or the insisting upon rights which, upon a due investigation of those rights, may be found to be overstated or over-estimated, is not the kind of fraud which will authorize a court of equity to set aside a judgment.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. EGBERT JAMIESON, Judge, presiding.

Lucius G. Fisher died March 5, 1886. By his last will he made appellant (a daughter) his sole residuary legatee. Rachel C. Fisher, his widow, was nominated by the will, and qualified, as executrix. On the 10th day of January, 1887, the probate court of Cook county allowed a claim against his estate for $1278.24, in favor of appellee Elizabeth Durham. On the 4th of May, 1888, appellant filed this bill in the Superior Court of Cook county. The bill sets out the will of Lucius G. Fisher, and the qualification of said executrix, and avers that she, on August 10, 1886, gave notice, fixing the following October term of the probate court of Cook county for the adjustment of claims against the estate of the testator; that appellee Elizabeth Durham, on the 22d of September, 1886, filed a claim with the clerk of said court, sworn to by her, the claim being a promissory note, dated July 16, 1853, payable two years after date, to the order of B. Durham, for $1800, with twelve per cent interest, signed by Jackson J. Bushnell and L. G. Fisher, and indorsed with numerous credits, the last of which was dated October 15, 1879. It further alleges, that neither said Elizabeth Durham, nor any one for her, appeared in said court at said October term and presented said claim to said court for allowance, but that on the 10th of January, 1887, it was allowed, without summons or other notice having been served on said executrix. It is also alleged in the bill, that the executrix had no personal knowledge of the filing or presenting of said claim for adjustment, or of the allowance thereof, until more than six months after it was allowed, and that her attorney did not have actual notice that it had been allowed until more than six months after such allowance; "that through inadvertence, accident and mistake on the part of the attorneys of said executrix, no appearance

by said executrix or her attorneys was had, nor any objection, contest or defense made to the allowance of said claim; that although said attorneys knew that a claim had been filed by said Elizabeth Durham, yet they did not know the nature or character of it, and by some means or from some source unknown to your oratrix, they mistakenly understood and supposed that said claim was a proper one to be allowed against said estate, and did not know to the contrary until more than six months after the allowance of said claim, and for that reason they did not appear to said claim, were not present in court at any time when the matter of allowance thereof was before the court, did not know when it was allowed, or in fact that it was allowed, for more than six months after its allowance." The bill then proceeds to set out several defenses to said note, such as, that Fisher was but surety thereon, and that the time of payment had been extended to the principal by the payee; that the Statute of Limitations, both of Wisconsin (where the note was made) and of this State, had run against it long prior to the filing of said claim; that said Fisher had been discharged from all liability thereon by a prior proceeding in bankruptcy. It is also alleged, that certain of the payments indorsed on said note were never made, and were fictitious, "and that the claimant, when she made oath to said claim and procured its allowance, well knew, and had notice, that said payments had not been made, and that they were fictitious, and could not be used to prevent the running of the Statute of Limitations, and that both she and her attorney knew of the facts on which the said defenses were based, and knowingly suppressed the said facts, and so by fraud obtained the allowance of said claim, knowing that it was illegal, unjust and inequitable." Finally it is averred, that the complainant had, and still has, the fullest confidence in said executrix in all things relating to the administration of the estate of her father, and relied entirely on her to attend to all matters pertaining thereto. Appellees and said executrix are made de-

fendants. The executrix, by answer, confesses the bill, and consents to a decree as prayed.

To the allegation charging that complainant knew that certain credits on said note were fictitious, and that she knew she had no valid claim against said estate, appellees filed a plea, averring that she had no notice that said credits were not for actual payments, and that she had no notice that her said claim was unjust or inequitable. Also, to the allegation that claimant did not appear at said October term and present her claim for allowance, they filed a plea, averring that she did appear at said term and did present her said claim for adjudication, setting up the records of said probate court in that behalf, showing her appearance at that time, and that after the presentation of her claim the claim was continued from term to term, until January 10, 1887, when it was allowed. To all other allegations of the bill they filed a general demurrer.

The hearing was had on the pleas and demurrer at the same time, and both were sustained. Appellant stood by her bill and made no reply to the pleas, and thereupon a decree was rendered dismissing the bill at complainant's costs. The Appellate Court having affirmed that decree, the complainant below now prosecutes this appeal.

Mr. JOSEPH A. SLEEPER, and Mr. FREDERIC ULLMANN, for the appellant.

Messrs. BLANKE & CHYTRAUS, for the appellees.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

The pleas filed by appellees were in fact but answers denying particular allegations of the bill, but appellant makes no objection to them on that ground, contending only that they are not broad enough to meet those allegations. In our view of the case these pleas are of no material importance in the

decision of the case. The substantial allegations of the bill are set forth in the foregoing statement, and if they are all admitted to be true, the decree of the circuit court dismissing. it must be sustained.

The theory of the bill is: First, that the judgment of the probate court allowing said claim was rendered without jurisdiction; and second, that it was obtained through fraud, or by accident and mistake. It is also insisted, in the argument, that appellant is not concluded by said judgment. If this last position is tenable, the case may be readily disposed of. There can be no question but that the facts alleged, and which are admitted by the demurrer, would, on behalf of Fisher or his representatives, constitute a complete defense to the note on which the judgment was rendered, and therefore, if complainant is in no way bound by the allowance of said claim, she ought to have a decree restraining its collection.

It is contended, that inasmuch as an heir is not concluded by a judgment allowing a claim against the estate of his ancestor in a proceeding to sell lands to pay such judgment, neither should appellant be bound by this judgment, it appearing that her legacy will be taken, in whole or in part, for its payment. This argument ignores an important distinction in the relation which an administrator sustains toward the real estate of his intestate, and that which he or an executor bears to the personalty. In the one case, the real estate descends immediately to the heir, subject only to the payment of the just debts of the ancestor, and the administrator has no interest in or power over it, except in a proper case, and in the mode prescribed by statute, to sell it for the payment of debts. In the other, the administrator or executor is the sole representative of the personal estate,—hence, a claim regularly probated and allowed against an estate is conclusive against the personal estate, because the representative of that estate, viz., the administrator or executor, is before the court and a party to the judgment. It is not conclusive against the real estate, because

the owner of it (the heir) was not before the court—was not a party to the judgment. *Stone et al.* v. *Wood,* 16 Ill. 177.

. In *Gold, Admr.* v. *Bailey,* 44 Ill. 491, it was held, that a bill by an heir to enjoin the collection of a judgment against the administrator, to be paid in due course of administration, on the allegation that the claim on which the judgment was based had been released, could not be maintained, and we there said : "This bill, it is true, is filed by one of the heirs of Bailey, and not by the administrator. But the judgment was duly obtained against the administrator, who was the legal representative of the deceased, and it is not alleged that he acted fraudulently or collusively. That judgment binds the personal estate, in the absence of fraud. If the administrator has been delinquent in his duties, the heirs have their remedy on his bond ; but the practice can not be tolerated, of compelling persons holding claims against estates to litigate them first with the administrator and then with the heirs, upon the same point or points which might have been investigated in the first case. This would lead to endless confusion. The administrator is the sole representative of the personal estate, and relief is not sought here on the ground that he is seeking to subject the real estate to the payment of debts, or that it will be necessary to do so."

In *Draindege* v. *Washington's Exrs.* 2 Pet. 377, it was held, that in a suit for the distribution of a fund under a will, the residuary legatees were not necessary parties. MARSHALL, C. J., delivering the opinion of the court, said : "They have, undoubtedly, an interest in reducing the sum to be allowed out of it to the complainant, but they have the same interest in reducing every demand on the estate. Whatever remains sinks into the residuum, and that residuum is diminished as well by the claims of creditors and specific legatees, as by this. In all such cases the executors represent the residuary legatees, and guard their interests. It is a part of that duty which requires them to protect the interests of the estate. In such

suits the residuary legatees are never made parties. To require it would be an intolerable burden on those who have claims on an estate in the hands of executors." See, also, Story's Eq. Pl. secs. 144, 148, 150.

If the judgment here questioned is binding upon the executrix, it must be held conclusive as against complainant. The only defect in the jurisdiction of the probate court, according to the bill, arose from a failure of the claimant to formally present her claim for adjustment at the October term, 1886. There is no allegation that the claim was not regularly continued, from term to term, after it was filed, and it must therefore be presumed that it was so continued. Having given notice to all creditors to present their claims at said October term, and this claim having been filed after such notice was given, and prior to said adjustment term, and regularly continued thereafter until allowed, the court had full jurisdiction both of the subject matter and person to render the judgment on the 10th of January, 1887. The filing of the claim was a presentation of it to the court. There is not even an allegation that the executrix or her attorneys were present at the October term, so that the claim could have been formally presented to her. She gave the court jurisdiction of her person at the October term, by the adjustment notice, and she was bound to take notice of the order of continuance at that or any subsequent term.

The bill not only fails to show legal fraud, accident or mistake, but it convicts the executrix and her attorneys of gross negligence. The claimant did nothing to mislead the executrix or her attorneys. The complaint is, that she did not inform the court of facts which would, it is said, have defeated her claim,—in other words, did not herself interpose the defenses which the executrix and her attorneys, through negligence, had seen fit to waive. It is not pretended that the note had in any way been paid or satisfied. There was nothing im-

moral, unjust or inequitable in her collecting it, if the makers or their representatives chose to pay it or waive defenses to it.

To entitle a defendant to relief against a judgment or decree on the ground of fraud, accident or mistake, it must be made evident that he had a defense upon the merits, and that such defense has been lost to him, without such loss being attributable to his own omission, negligence or default. The loss of a defense, to justify a court of equity in removing a judgment, must in all cases be occasioned by the fraud or act of the prevailing party, or by mistake on the part of the losing party, unmixed with any fault of himself or agent. (Freeman on Judgments, sec. 486; *Tallman* v. *Becker*, 85 Ill. 183; *Allen* v. *Smith et al.* 72 id. 331.) Mere irregularity, or the insisting upon rights which, upon a due investigation of those rights, might be found to be overstated or overestimated, is not the kind of fraud which will authorize a court of equity to set aside a judgment. (Kerr on Fraud and Mistake, 353.) We said in *Galena and Southern Wisconsin Railroad Co.* v. *Ennor*, 116 Ill. 55: "It can not be allowed as a ground for setting aside a judgment, that there was false testimony given on the trial, or false assertions as to liability previously made. If this were admitted, there would be little stability in judgments. * * * The proof fails to show that the complainant was prevented from availing himself of his defense by the fraud or act of the opposite party, unmixed with negligence or fault on his part." See, also, *United States* v. *Throckmorton*, 98 U. S. 68; Story's Eq. Jur. sec. 1575.

We are unable to find any sufficient allegation of fraud, accident or mistake in this bill, within the meaning of the law, upon which to base a decree setting aside the judgment complained of. On the contrary, it shows gross negligence on the part of the executrix and her attorneys, for which no legal excuse appears.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*