VALENTINE L. SCHLINK

*v.*

ROBERT MAXTON.

*Filed at Springfield November 26, 1894.*

1. COUNTY COURTS—*have unlimited jurisdiction in settlements of estates.* The county court has general and unlimited jurisdiction in matters of administration, exercising such equity powers as are adapted to its organization and mode of proceeding.

2. SAME—*may set aside allowance of claim at a subsequent term.* Such court, in the exercise of its equitable jurisdiction, may, on motion, at a subsequent term, set aside its own order allowing a claim against an estate, if mistake or fraud has intervened.

3. ADMINISTRATION—*heir may move to set aside claim.* The statute giving an heir the right to contest claims presented against the estate, enables such heir to institute a proceeding to set aside a claim allowed through mistake or fraud, provided the estate is solvent. *McIntyre* v. *Sholty,* 139 Ill. 171, distinguished.

4. CERTIORARI—*does not lie where appeal or writ of error is available.* The remedy for an alleged irregular or insufficient proceeding by the county court in setting aside a claim (jurisdiction of the person and subject matter appearing) is by appeal to the circuit court, and not by *certiorari.*

*Schlink* v. *Maxton,* 48 Ill. App. 471, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

The appellant presented to the circuit court of McLean county a petition for a common law writ of *certiorari,* alleging that petitioner was the executor of the estate of Valentine Schlink, deceased; that he presented a claim against said estate in due form, and properly verified by his affidavit, on the 20th of July, 1891, during the July term of the county court, and asked that court for an adjustment of his said claim, and the court then and there appointed John J. Pitts temporary administrator to appear for the estate, and thereupon the matter of said

153 447
65a 344

153 447
165 395

153 447
71a 380
71a 394

153 447
73a 366

153 447
89a ³46

153 447
187 ³569

153 447
f189 ¹ 25
f189 ² 25

153 447
190 ²578

153 447
100a ² 73

153 447
201 ²129

153 447
e209 ² 99

claim was submitted to the court, and an allowance was made in favor of petitioner for $594.60 as of the seventh class; that no motion for new trial or for appeal was made, nor any further proceedings were had in the matter at said July term, but that afterwards, and during the following August term of said court, one of the heirs of said Valentine Schlink entered a motion to set aside the claim so allowed, and the court made an order as follows: "And now the said Valentine Schlink, (petitioner,) being present by his attorney, and the court having considered said motion and the affidavits filed in support thereof, and having heard the arguments of counsel, and being fully advised in the premises, doth sustain the motion. It is therefore ordered and adjudged by the court that the judgment heretofore entered in favor of said Valentine Schlink for the sum of $594.60, against the estate of Valentine Schlink, deceased, be and is hereby set aside." To which order petitioner then and there excepted, and being advised that said order was without jurisdiction in the county court, he prayed for said writ of *certiorari*, to the end that said record having been inspected, etc., it might be set aside, etc. The circuit court sustained a demurrer to the petition and dismissed the same, to which action the petitioner excepted, and took the record to the Appellate Court, and assigned error upon said ruling of the circuit court. There was a judgment of affirmance in the Appellate Court, and thereupon this appeal was prosecuted.

The opinion filed in the Appellate Court was as follows:

"Per CURIAM: The question is, whether the petition shows such want of jurisdiction in the county court as to render the order subject to be set aside upon a writ of *certiorari*. The argument is, that the allowance of the claim was a judgment, which could not be opened by the county court for any cause after the close of the July term. It is not insisted that that judgment could not be

opened by a court of equity for fraud or mistake, but that the county court had no power to grant such relief.

"We are of opinion that the county court has such equitable jurisdiction in respect to all matters pertaining to the settlement of estates, that it may, in a proper case, set aside an allowance and require the parties to proceed *de novo*.  Such a case would be presented when it appeared that fraud or mistake had intervened, so that a court of equity, if the facts were before it in a bill to set aside the judgment, would entertain jurisdiction. This seems to follow from the doctrine repeatedly announced, that the county court, in the settlement of estates, is vested with equitable as well as legal powers. (*Millard* v. *Harris*, 119 Ill. 185.)  We understand this power of the county court relates not only to the consideration of equitable demands, but to the employment of such equitable methods as are consistent with its organization and modes of proceeding.  For instance, it may correct mistakes in reports of executors, administrators and guardians, and make such final settlements in respect thereto as may be equitable.  So here, although the term of court at which an allowance was made has passed, it may, for such cause as would move a court of equity upon a bill filed, entertain a motion to set aside the allowance. No inconvenience or hardship can follow from the due exercise of this equitable power.  If it has the power to do this in any case, then there is jurisdiction of the subject matter, and the writ of *certiorari* will not lie for mere error in the exercise thereof.  It appears in the present case there was also jurisdiction of the person, and the only objection taken is, that the subject matter was beyond the power of the county court.  There seems to be great propriety, and even necessity, in permitting that court to open an allowance whenever it finds that fraud or mistake has occurred.  There is nothing to prevent a proper exercise of equitable considerations upon a motion. The court may hear evidence, and sift the matter with as

much care and accuracy as though the proceeding were in chancery, and the rights of parties may be adjusted more speedily than would be possible if resort were had to that tribunal."

Messrs. KERRICK, LUCAS & SPENCER, for the appellant:

When a court of general common law jurisdiction enters a judgment, having jurisdiction of the parties and subject matter, and no exception is taken, no motion for a new trial entered, and no appeal prayed for or allowed, and the court adjourns for the term, the court entering the judgment, neither of its own motion nor on the motion of a party thereto, could set the same aside. *Cook* v. *Wood,* 24 Ill. 295 ; *Windett* v. *Hamilton,* 52 id. 189 ; *Coursen* v. *Hixon,* 78 id. 339 ; *County of Cook* v. *Canal and Dock Co.* 131 id. 509.

The judgment of a county court in such a case is, so far as this question is concerned, the same as a judgment of the circuit court, or, for that matter, any other court. *Propst* v. *Meadows,* 13 Ill. 157; *Gould* v. *Bailey,* 44 id. 489 ; *Mitchell* v. *Mayo,* 16 id. 84; *Housh* v. *People,* 66 id. 181; *Dailey* v. *McDonald,* 101 id. 377; *Durham* v. *Field,* 30 Ill. App. 121.

This court, in the case of *McIntyre* v. *Sholty,* 139 Ill. 171, held that only the administrator or the executor might control the case,—that is, on behalf of the estate. Yet in this case we find that the judgment was set aside on motion of Mrs. Barrickman, who is not a party to the record, and not on motion of Pitts, who was the temporary administrator.

We concede that the probate court is vested with equitable jurisdiction, but a court of equity, at a subsequent term, has no power to set aside its own decrees. *Hanna* v. *Ratekin,* 43 Ill. 464.

A probate court is bound by its own record, and can neither change nor disregard its orders, judgments or decrees after the lapse of the term at which they were rendered. Am. Law of Administration, sec. 146 ; *Wolf* v. *Banks,* 41 Ark. 104; *Crothers* v. *Ross,* 15 Ala. 800 ; *Nolan* v.

*Lock,* 16 id. 52 ; *Bryant* v. *Horne,* 42 id. 496 ; *Alexander* v. *Nelson,* 42 id. 462 ; *Johnson* v. *Johnson,* 26 Ohio St. 357; *Hendricks* v. *Huddleston,* 5 S. & M. 422 ; Freeman on Judgments, sec. 69.

Thus, in the case of *Wolf* v. *Banks, supra,* which, as we understand the case, presents exactly the same question as the case at bar, it is said : "The probate court had no power, at the May term, to set aside the judgment of allowance rendered at the previous November term, and the order setting it aside was null and void, and no appeal would lie from it, but it might have been quashed by the circuit court on *certiorari.*"

This court held in the *McIntyre case,* that no one except a party to the record could prosecute a writ of error ; and that was a case where a son, who was both an heir and a creditor of the estate, sought to have reviewed a judgment against the estate which he alleged was wrongful, and was also prejudicial to him both as an heir and a creditor of the estate. By what right, therefore, might a stranger to the record, at a subsequent term, come in and have a judgment set aside?

Messrs. STEVENSON & EWING, for the appellee : ·

The allowance of a claim by a probate court is in the nature of a judgment, but we deny that it comes within the rule that makes it final and binding between the heirs or distributees of an estate at the conclusion of the term at which it was allowed. Probate courts are always open for probate business. Rev. Stat. chap. 37, sec. 119.

This claim was probated in favor of the administrator, and without any notice to any of the parties interested therein. In the allowance of claims a probate court is intrusted with large and comprehensive jurisdiction. It may exercise large equity powers in adjusting claims and settling estates. 1 Am. Law of Administration, 340, and cases cited in note 3.

This court, in numerous cases, has upheld this doctrine. *Hurd* v. *Slaten,* 43 Ill. 350, and cases cited ; *Millard* v. *Harris,* 119 id. 185 ; *Hales* v. *Holland,* 92 id. 494.

Appeals are allowed from all final orders from the probate court to the circuit court, and a trial *de novo.* Rev. Stat. chap. 37, p. 240.

The county court is a court of general jurisdiction, and liberal intendments will be made in its favor. *Propst* v. *Meadows,* 13 Ill. 157.

Mr. JUSTICE BAKER delivered the opinion of the court:

We concur in the judgment and in the opinion of the Appellate Court.

It is urged in the argument presented to this court, that the motion to set aside the judgment was not made by Pitts, the administrator *pro tempore,* but was made by Louisa Barrickman, who was in nowise a party to the suit, although she was a child of the intestate. Section 60 of the act in regard to the administration of estates provides that when a claim is presented against an estate for allowance, and no objection is made to such claim by the executor, administrator, widow, heirs or others interested in the estate, then the claimant shall be permitted to swear to his claim. This section gives the heirs the right to be present and contest the justice of the claim, and the adjudication of the court allowing the claim is *prima facie* binding upon the heirs. (*Mason* v. *Bair,* 33 Ill. 194.) We think, therefore, that an heir has a standing in court to institute a proceeding to set aside the allowance of a claim procured through fraud.

We do not regard the case of *McIntyre* v. *Sholty,* 139 Ill. 171, as here in point. It was there held that the heir of a deceased person takes nothing until the debts of the deceased are paid, and that therefore, when the estate is admitted to be insolvent, the heir cannot maintain a writ of error to reverse a judgment against the administrator, such heir not being prejudiced by the judgment. But

here it does not appear that the estate of Valentine Schlink is insolvent, and there is no presumption that it is not sufficient to pay the just claims against it and leave a residue for distribution among the heirs. Besides this, a writ of error is a common law writ of right, and can be sued out only by one who is either a party or a privy to the record, and it was held in the *McIntyre case* that there was no privity between the heir and the administrator of a deceased person. But here, under the statute above referred to, the heir has the right to contest the validity of a claim filed against the estate in which he has a substantial interest, and if such a claim has been allowed through fraud, no reason is perceived why he may not invoke the aid of a court invested with equity powers.

The county court is a court of general and unlimited jurisdiction in matters of administration. (*Propst* v. *Meadows,* 13 Ill. 157; *Reynolds* v. *People,* 55 id. 328.) In the settlement of the estates of deceased persons it exercises an equitable jurisdiction adapted to its organization and modes of proceeding. *Moore* v. *Rogers,* 19 Ill. 347; *Dixon* v. *Buell,* 21 id. 202 ; *In re Steele,* 65 id. 322 ; *Brandon* v. *Brown,* 106 id. 519.

It is urged that even if the county court, sitting as a court of probate, is invested with equitable jurisdiction, yet it has no power, at a subsequent term, to set aside its own order, judgment or decree except upon a formal bill filed for that specific purpose. We do not so understand the practice in the probate courts. If, however, the position of counsel was conceded, yet the judgment of the circuit court herein would have to be affirmed. The position taken amounts to no more than saying that the jurisdiction of the probate court was called into operation at a subsequent term by improper or insufficient pleadings. If that was the case, the remedy would have been by appeal, and not by petition for a writ of *certiorari.* A common law writ of *certiorari* will lie only when the inferior court or jurisdiction has exceeded its juris-

diction, or else has proceeded illegally, and no appeal is given or writ of error will lie. (*Hyslop* v. *Finch*, 99 Ill. 171, and cases there cited ; *Scates* v. *Chicago and Northwestern Railway Co.* 104 id. 93.) The petition to which the demurrer was sustained shows on its face that the county court had jurisdiction of the persons of the parties, and fails to show that the subject matter of the litigation was not within its general jurisdiction in respect to matters of administration. If that court proceeded irregularly, the remedy by appeal was complete. The statute (chap. 3, sec. 124,) gave a right of appeal from the order of the county court to the circuit court, and a hearing *de novo* in that court, and an appeal or writ of error from the judgment, order or decree of the circuit court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*