MARIETTA O. FORD *et al.*

*v.*

THE FIRST NATIONAL BANK OF STUART, IOWA.

*Opinion filed February 18, 1903.*

1. APPEALS AND ERRORS—*when the transcript sufficiently shows that party was creditor of estate.* The transcript of the record, on appeal to the circuit court from the county court's denial of a petition to re-classify claims, sufficiently shows that the petitioner is a creditor of the estate where the petition, which is sworn to by petitioner's attorney, states that petitioner's claim to a certain amount was allowed and classified by the probate court, and where the parties have stipulated such fact might be considered in evidence.

2. SAME—*party must follow appeal from order allowing claims without further notice.* Under section 68 of the Administration act, providing that an appeal in the matter of allowing or rejecting claims may be taken from the county court in the same manner as appeals are taken from justices of the peace to the circuit court, a party is bound to follow the case to the circuit court without further notice.

3. SAME—*when circuit court has jurisdiction of appeal.* Failure of an appeal bond to mention the name of the executor as an obligee in the bond does not deprive the circuit court of jurisdiction of an appeal from the county court's order denying a petition to re-classify claims, where the record shows that the executor had notice of the petition and was present in the county court when the order denying the petition was made.

4. EXECUTORS AND ADMINISTRATORS—*creditors are held to be represented by executor.* It is the duty of an executor or administrator to guard the interests of creditors of the estate, and when a claim is presented for allowance the law will hold every creditor to be represented by such executor or administrator.

5. JUDGMENTS AND DECREES—*allowance of claim is conclusive as to personal estate.* The allowance of a claim against an estate is con-

clusive upon creditors and all other persons, so far as the personal estate is concerned, if no appeal or writ of error is prosecuted to review the judgment.

6. SAME—*classification of claims cannot be set aside after term.*   The classification of claims by the county court is as much a part of the judgment as is their allowance, and, so far as the personal estate is concerned, such classification cannot be set aside by the county court at a subsequent term, in the absence of fraud, accident or mistake.

7. SAME—*power of court to correct allowance of claims after term is confined to real estate.*   The county court has power to look into and correct its judgment allowing claims after the term at which it is entered, where the question arises between creditors and heirs-at-law upon petition to sell real estate to pay debts.

CARTWRIGHT and HAND, JJ., dissenting.

*Ford* v. *First Nat. Bank of Stuart,* 100 Ill. App. 70, reversed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Bureau county; the Hon. CHARLES BLANCHARD, Judge, presiding.

This appeal is from a judgment of the Appellate Court affirming the judgment of the circuit court of Bureau county in a matter pending in that court on appeal by the First National Bank of Stuart, Iowa, from the county court of said county.

The appellants in this court held claims against the estate of Eugene C. Bates, which was being administered in the county court of Bureau county, said claims having been allowed and classified by the county court as sixth-class claims.   The appellee in this court, the First National Bank of Stuart, Iowa, filed a petition in the county court alleging that it was a creditor of the estate of Eugene C. Bates, and that its demand was allowed and probated as of the seventh class.   The petition prayed that the claims of the appellants should be re-classified as seventh-class claims.   This petition of appellee to have the claims re-classified was filed more than a year after all the above claims had been allowed and classified, excepting the claim of Elizabeth F. Hollis, and

eleven months after her claim had been allowed and clas-sified.    Prior to the filing of the petition to re-classify, the executor had paid all of the fifth-class claims and had paid fifty per cent of the sixth-class claims, in-cluding those of appellants.   On a hearing in the county court upon said petition the county court refused to re-classify appellants' claims, and from the order refusing such re-classification the appellee herein appealed to the circuit court.    Upon the hearing of such appeal the cir-cuit court reversed the order of the county court, and proceeded to adjudge that appellants' claims should be re-classified and should stand classed as seventh-class claims.    From that judgment these appellants appealed to the Appellate Court, which affirmed the judgment of the circuit court, and this appeal is taken to reverse the said judgments of the Appellate and circuit courts.

The ground upon which appellee relied for asking a re-classification was, that the claims of appellants were not for moneys received by the decedent in trust for any purpose, within the meaning of paragraph 70 of the Ad-ministration act.   The facts are not in dispute, and being substantially the same as to each claim, were stipulated by the parties in the circuit court.    The stipulation, among other things, states that appellants placed cer-tain moneys in the hands of Bates to have him invest the same for them in real estate securities and keep the same so invested in their names; that the moneys were so invested by Bates, and reports were made by him to appellants from time to time, purporting to be a list of the notes and securities in his hands belonging to them; that after the death of Bates it was discovered that the reports were partially false, and that a portion of the moneys had been misapplied and used by Bates for his own private purpose and mingled with his own funds, and that the identity of the moneys became lost; that appellants relied exclusively on his representations con-cerning the character and sufficiency of their securities

and details of their several investments; that after his death the notes and securities standing in the names of appellants and found among his effects were delivered to them by the executor, and that their claims in controversy represented the difference between the securities delivered by the executor and the amounts that should have been in the hands of Bates belonging to them; that the notes and securities taken by Bates were subject to their control and deliverable on call.

HERBERT J. DAVIS, and WATTS A. JOHNSON, for appellants:

Appellee did not make the executor of the will a party to the appeal, nor did he appear in the circuit court. It is a general rule of equity pleading that all persons who are materially interested in the event of the suit or in the subject matter should be made parties. *Knopf* v. *Real Estate Board*, 173 Ill. 196; *Howell* v. *Foster*, 122 id. 276; *Zelle* v. *Banking Co.* 10 Ill. App. 335; *Gordon* v. *Johnson*, 186 Ill. 30; Story's Eq. Pl. sec. 72.

The transcript from the county court does not show that appellee ever had a claim allowed against the estate or that it was in any manner interested in the settlement of said estate. It was the duty of the appellee to see that a transcript of the record was filed in the circuit court which should present the questions involved, and the appellee omitted at its peril the facts material to show its right to the appeal. *Conductors' Benefit Ass.* v. *Leonard*, 166 Ill. 154; *People* v. *Emigh*, 100 id. 517; *Road District* v. *Miller*, 156 id. 121.

The allowance of each of appellants' claims was a judgment. *Mitchell* v. *Mayo*, 16 Ill. 83; *Wheeler* v. *Dawson*, 63 id. 54; *Mason* v. *Blair*, 33 id. 194; *Cohen* v. *Menard*, 31 Ill. App. 503.

The classification was an adjudication and part of the judgment. *Weer* v. *Gand*, 88 Ill. 490; *Wilson* v. *Kirby*, id. 566; 98 id. 240; *Wolfley* v. *McPherson*, 61 Kan. 492; *Miller* v.

*Janney's Exr.* 15 Mo. 265; *Svanoe* v. *Jurgens,* 144 Ill. 507; *Cossitt* v. *Biscoe,* 12 Ark. 95; *Ramsay* v. *Whitbeck,* 183 Ill. 558.

After the term at which such judgments were entered it was beyond the power of the county court to set aside or modify such judgments, except in the exercise of its equitable jurisdiction. *Ward* v. *Durham,* 134 Ill. 195; *Cook* v. *Wood,* 24 id. 295; *Sherman* v. *Whiteside,* 190 id. 576; *Stitt* v. *Kurtenbach,* 85 Ill. App. 38.

To exercise this equitable jurisdiction the county court must be moved by those equitable principles which govern any court of equity in vacating judgments. It must proceed upon the ground that the judgment sought to be vacated was obtained through fraud or mistake of fact. *Schlink* v. *Maxton,* 153 Ill. 447; *Sherman* v. *Whiteside,* 190 id. 576.

Since it does not appear in the record that there was any fraud or mistake in obtaining the judgments allowing and classifying the claims of appellants, said allowance and classification should not have been disturbed by the circuit court. *Ward* v. *Durham,* 134 Ill. 195; *Schlink* v. *Maxton,* 153 id. 447; 48 Ill. App. 471; *Sherman* v. *Whiteside,* 190 Ill. 576.

George S. Skinner, for appellee:

The executor having been a party in the county court and the appeal having been perfected there, he is bound to follow the appeal to the circuit court, and he was there in the circuit court legally, by virtue of the appeal, for all purposes of the adjudication, whether actively a participant or not. *Hayward* v. *Ramsey,* 74 Ill. 372; *Bessey* v. *Ruhland,* 33 Ill. App. 73; *Vallens* v. *Hopkins,* 157 Ill. 267; *Svanoe* v. *Jurgens,* 144 id. 507.

The allowance of a claim against an estate by the probate court is a judgment binding between the claimant and the representative as to personalty, but the classification of the claim is a mere statutory direction. It is not imperative that the court shall fix the class to

which the claim belongs.  The statute itself fixes the class. *McCall* v. *Lee,* 120 Ill. 261; *Bradwell* v. *Wilson,* 158 id. 346; *Darling* v. *McDonald,* 101 id. 370.

It being the duty of the executor to classify and pay the claims against the estate of which he has charge, the judgment of allowance, "to be paid in due course of administration," relegates the claim, according to its nature, to the particular fund provided for that class, for its payment.  The classification is an administrative act; the allowance is a judicial act.  *Darling* v. *McDonald,* 101 Ill. 380; *Bradwell* v. *Wilson,* 158 id. 346.

The probate court is clothed with broad jurisdiction over all probate matters and may exercise all necessary equitable powers.  *Spencer* v. *Boardman,* 118 Ill. 553; *Bliss* v. *Seaman,* 165 id. 422; *Marshall* v. *Coleman,* 187 id. 557.

The probate court transferred a claim from the seventh to the sixth class on petition, and though erroneously, its power was not denied.  (*Weer* v. *Gand,* 88 Ill. 491.)  It has re-examined a claim allowed, without objection by the administrator, as of a particular class, and its right to adjust said claim according to the real merits was sustained.  *Strauss* v. *Phillips,* 91 Ill. App. 372.

Proceedings provided by law in this State for the presentation and allowance of claims against the estates of decedents are in no proper sense suits or proceedings at law or in chancery, but purely statutory proceedings, provided for the prompt and summary presentation, allowance and classification of all just claims against such estates.  *Grier* v. *Cable,* 159 Ill. 29; *Lynn* v. *Lynn,* 160 id. 315; *Schenck* v. *Schenck,* 80 Ill. App. 614; *Pease* v. *Waters & Co.* 66 id. 359; *Robeson* v. *Lagow,* 73 id. 665; *India Rubber Co.* v. *Smith & Sons,* 75 id. 222.

Mr. JUSTICE RICKS delivered the opinion of the court:

Appellants insist that the circuit court erred in entertaining jurisdiction of the appeal from the county court, because the transcript from the county court does not

show that appellee ever had a claim allowed against the estate of Bates or that it was in any manner interested in the settlement of said estate, and because Cairo A. Trimble, executor of the will of Bates, was not made a party to the appeal, and that it was beyond the power of the county court to set aside the former order and re-classify appellants' claims after the term at which the claims of appellants were allowed and classified. It appears, however, from the petition filed by appellee, which petition was sworn to by the attorney for appellee, that the claim of appellee, amounting to $5117.11, was allowed by the probate court under date of February 20, 1899, and classified as of the seventh class. It was stipulated by the parties that this might be considered in evidence in this case. We think the record, therefore, fairly discloses that appellee was a creditor of the estate.

The contention that the court did not have jurisdiction of the case and that the executor was not a party to the bill is insisted upon. This contention is based on the fact that when the bond was filed in the county court to take the case to the circuit court, Trimble, executor, was not mentioned as an obligee in the bond, and it is insisted, therefore, that he was not a party to the appeal. The record discloses that Trimble was notified of the petition and when the same would be heard by the county court. It also appears from the order of the court refusing re-classification of the claim, that Trimble, as such executor, was present in the county court. Section 68 of chapter 3 of the Revised Statutes provides that either party may take an appeal in the allowance or rejection of claims by the county court, in the same time and manner as appeals are now taken from justices of the peace to the circuit court, and we have held in *Hayward* v. *Ramsey*, 74 Ill. 372, that parties are bound to follow their case to the circuit court, where an appeal is perfected before the justice, without any further notice. The record showing that Trimble, executor, was a party to the proceed-

ings in the county court, he was bound to take notice
of the appeal to the circuit court, and if he had done so
and followed the case and timely made his motion to
have the appeal dismissed for want of a sufficient bond, it
would have been the duty of the court to have dismissed
the bill, unless appellee, who was appellant there, had
by leave of court filed a proper bond. There was a bond
given in proper form and in the amount required by the
court, and the omission of the name of the executor, Trim-
ble, as one of the obligees, was but an imperfection or
defect that could have, and doubtless would have, been
cured had the proper steps been taken. After the case
had been decided in the circuit court and taken to the
Appellate Court by appeal it was too late to urge this
point. Although the name of the executor, Trimble, was
not mentioned in the bond, he was nevertheless a party
to the appeal, and could have appeared in person or by
attorney and made such defense as he had. The bond
was only to cover costs, and if he sought to protect him-
self in that respect he could and should have done so
promptly. In this case, the bond having been filed in
the county court, no summons or service or notice of
the appeal upon the executor, Trimble, was necessary.
Appellants' second objection to the jurisdiction of the
court is therefore not well taken.

It appears from the record that no objection was filed
to the allowance of appellants' claims, and the classifi-
cation of them as of the sixth class, until about a year
after they were so classified and fifty per cent of the
amount had been paid thereon by the administrator. The
creditors having presented and proved their claims and
the court having jurisdiction to hear and determine the
same, and the creditors and administrator being regu-
larly before the court for the purpose of investigating and
determining the claims, the adjudication of the county
court thereon is final and conclusive upon them. (*Mitchell*
v. *Mayo*, 16 Ill. 83; *Noe* v. *Moutray*, 170 id. 169.) The allow-

ance of a claim against an estate is conclusive against the personal estate, because the representative of the estate,—that is, the executor,—is before the court and a party to it. (*Ward* v. *Durham,* 134 Ill. 195.) It is the duty of the executor or administrator to represent and guard the interests of the creditors of the estate, and when a claim is presented for allowance the law will hold each and every creditor of the estate, by reason of privity of relation, to be represented by the executor. 15 Ency. of Pl. & Pr. 641; *Dandridge* v. *Washington's Exrs.* 2 Pet. 370; *Stone* v. *Wood,* 16 Ill. 177; *Ward* v. *Durham, supra.*

It would be an intolerable burden on those who have claims against an estate in the hands of an executor to require the claimant to make each of the creditors a party. An allowance of a claim against an estate is a judgment conclusive upon the creditors and all other parties, so far as the personal property of the estate is concerned. It is not the purpose of the law that a claimant shall litigate his claim first with the executor and then with each and every other claimant of the estate. Upon the allowance of a claim against an estate, each creditor, if he deems himself aggrieved, has a right to an appeal or to a writ of error, and failing to exercise this right the judgment is conclusive as to him, and in the absence of fraud, accident or mistake the judgment of the county court cannot be vacated at a subsequent term by the court. Section 73 of the Administration of Estates act provides that the county court shall classify the claims as provided in section 70, and the classification is as much a part of the judgment as that of allowing the claim.

It is contended by the appellee that the probate court is clothed with a broad jurisdiction over all probate matters, and may look into and correct the allowance of claims after the term at which they are allowed. This is true as between the creditors and the heirs-at-law upon a petition filed for the sale of real estate to pay debts, but a distinction is to be made of the effect of the allow-

ance of a claim as to an heir and as to a creditor or lega-
tee.    (*Ward* v. *Durham, supra.*)    So far as real estate is
concerned, the allowance of a claim against an estate is
merely *prima facie* evidence of the debt due by the estate.
(*Noe* v. *Moutray, supra.*)    But as against the personal es-
tate an allowance of a claim is conclusive until reversed
by a superior tribunal, unless impeached for fraud, acci-
dent or mistake.    *Cook* v. *Wood,* 24 Ill. 295; *Stone* v. *Wood,*
*supra; Gould* v. *Bailey,* 44 Ill. 491; *Wheeler* v. *Dawson,* 63 id.
54; *Ward* v. *Durham, supra; Schlink* v. *Maxton,* 153 Ill. 447;
*Sherman* v. *Whiteside,* 190 id. 576.

In *Sherman* v. *Whiteside, supra,* it is said (p. 578): "The
county court has such equitable jurisdiction in the ad-
ministration of estates that it may, in a proper case, on
motion, at a subsequent term, set aside an order allowing
a claim where fraud or mistake has intervened.    *    *    *
The facts alleged and proved, to enable the court to set
aside the claim, must be such as would move a court of
equity to entertain jurisdiction and set aside the judg-
ment.    *    *    *    In the absence of fraud the judgment of
the county court allowing the claim is conclusive against
both the executors and legatees in respect to the per-
sonal estate.    If an executor has been delinquent in his
duty, the persons interested in the estate have their
remedy on his bond; but a claimant cannot be forced to
litigate his claim first with the executor and afterwards
with the legatees or with heirs, where there is no attempt
to subject real estate which has descended to the heirs,
to the payment of the claim."

In *Mitchell* v. *Mayo, supra,* in speaking of the allowance
of claims against an estate, so far as the personal estate
is concerned, we said: "Here, then, the court had juris-
diction of the persons and of the subject matter.    It heard
and determined the facts and pronounced the conclusion
of the law upon the facts thus found, and such deter-
mination was final and conclusive upon the parties thus
before the court.    It was a judgment of a court of com-

petent jurisdiction in a judicial proceeding properly instituted and regularly pending before it. * * * It is true that no execution could be issued upon the judgment, but in this respect it is like a judgment of the circuit court against an administrator. Upon such a judgment, as upon this, no execution is awarded, but the judgment is ordered to be paid in the due course of administration. The effect of the order, adjudication or judgment is precisely the same in the one case as in the other."

In *Cook* v. *Wood, supra,* we said (p. 298): "After the term has expired it would seem that the day of discretion had passed, and for any relief against the judgment, as obtained by fraud or otherwise, involving no *laches* on the part of the defendant, application should be made to a court of equity, or if error has intervened, to this court by writ of error. * * * For relief for errors in law there can be no other appropriate proceedings than by new trial, bill in chancery, writ of error or appeal, as either may be found most appropriate and allowable by law. Judgments entered up by fraud might, perhaps, on due notice, by *scire facias* or otherwise, be vacated at a subsequent term by the same court. Untainted with fraud, they must stand until set aside by this court."

It is not contended by appellee that the judgment of the county court allowing the claim and classifying it as of the sixth class was entered by fraud, accident or mistake, and appellants having litigated their claims with the legal representatives of the estate, should not be compelled to again litigate them with the creditors of the decedent, who were all represented in court by the legal representative of said estate.

For the reasons stated the judgments of the Appellate and circuit courts will be reversed and the judgment of the county court of Bureau county affirmed.

*Judgment reversed.*

CARTWRIGHT and HAND, JJ., dissenting.