## Edward E. Maxwell et al., Executors, v. Edward W. Shoesmith.

### Gen. No. 13,225.

JUDGMENT—*what final for purposes of appeal from court of probate.* An order of the court of probate by which it denies the prayer of a petition of the executors of a will to set aside a judgment, is final and appealable.

Contested claim in court of probate. Appeal from the Circuit Court of Cook county; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Reversed and remanded. Opinion filed June 25, 1907. Rehearing denied July 9, 1907.

**Statement by the Court.**   January 8, 1904, upon the hearing by the Probate Court of a claim presented by appellee, Shoesmith, against the estate of Asa H. Moore, deceased, that court found that said Shoesmith was indebted to said estate in the sum of $3,385, and entered judgment for said sum against said Shoesmith in favor of the executors of the will of said decedent. More than a year afterwards, said executors filed a petition to set aside said judgment, upon the grounds, as stated therein, that in obtaining said judgment, Shoesmith had imposed on the court; adduced false and fraudulent evidence in support of his claim against said estate, and that certain receipts introduced in evidence on the hearing of said claim, purporting to be receipts of said Asa H. Moore to Shoesmith for money paid by the latter to the former, were forgeries. Shoesmith filed an answer and at the same time a demurrer to the petition.   At the July term, 1905, said petition came on for hearing in the Probate Court, and the court after hearing evidence entered an order and judgment that the prayer of said executors that the order entered January 8, 1904, be set aside, be denied, and that said petition be dismissed.   From this order the executors prayed, were allowed and perfected an appeal to the Circuit Court.

The Circuit Court, upon the motion of Shoesmith, dismissed the appeal, and from that order the executors took this appeal.

A. G. SCOTT and RUFUS COPE, for appellants.

ELMER D. BROTHERS, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

The only question presented by this record is, whether the order of the Probate Court made at the July term, 1905, denying the prayer of the petition of the executors of the will of Asa H. Moore, deceased, to set

aside a judgment in favor of said executors against appellee, Shoesmith, entered January 8, 1904, is a final order from which an appeal may be taken to the Circuit Court.

In Sherman v. Whiteside, 190 Ill. 576-578, it was said: "The county court has such equitable jurisdiction in the administration of estates that it may in a proper case, at a subsequent term, set aside an order allowing a claim where fraud or mistake has intervened. (Schlink v. Maxton, 153 Ill. 447.) The facts alleged and proved to enable the court to set aside the claim must be such as would move a court of equity to entertain jurisdiction and set aside the judgment." To the same effect is Ford v. First Nat. Bank, 201 Ill. 120.

The Probate Court, in the exercise of the jurisdiction conferred upon it, entered an order denying the prayer of the petition and dismissing the petition. This order was a final order and appealable under Section 11 of the Probate Court Act, which is as follows:

"Appeals may be taken from the final orders, judgments and decrees of the Probate Courts to the Circuit Court * * * in all matters, except in proceedings on the application of executors, administrators, guardians and conservators for the sale of real estate, * * * and upon such appeals trials shall be had *de novo*."

The question of the sufficiency of the petition is not before us on this appeal.

The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*