### R. B. Sinnickson v. John A. Perkins, Administrator.

1. GUARANTY—*contract of, construed.* A contract of guaranty in question in this case is construed by the court and the rights and liabilities thereunder fixed.

2. CONTRACT—*how may not be varied.* Parol evidence is not competent in a court of law to alter or change the terms of a written contract.

Exceptions to administrator's report, etc.    Appeal from the Circuit Court of Effingham county; the Hon. Samuel L. Dwight, Judge, presiding.    Heard in this court at the February term, 1907. Reversed and remanded.    Opinion filed September 13, 1907.

W. S. Holmes, for appellant.

R. C. Harrah, for appellee.

Mr. Justice Myers delivered the opinion of the court.

This case is not properly entitled in the record, abstract or briefs. It is a suit or proceeding by R. B. Sinnickson, appellant, against John A. Perkins, administrator of the estate of W. J. Perkins, deceased, appellee, and should be so entitled.

Appellant filed a claim against the estate of W. J. Perkins, deceased, in the County Court of Effingham county. On February 1, 1904, it was proved and duly allowed by the court for the sum of $315. The two years allowed by law for adjustment and payment of claims having expired and appellant's claim not having been paid, he petitioned the court for a citation of the administrator to show cause why his claim had not been paid. In answer to this petition the administrator reported that all the debts probated and allowed against the estate, except that of appellant, had been paid, that he had paid all the costs and expenses of administration and that there remained in his hands as administrator the sum of $944.82. And by way of excuse for failure to pay appellant's judgment it is stated, in substance, by the administrator in his report, that appellant's claim was based upon a written guaranty signed by the deceased in his lifetime for the payment of $345 of a note of $20,700, given by S. F. Gilmore to appellant; that by proceedings in chancery the sum due on the Gilmore note was found to be $16,947.76; that since the judgment allowing his claim, payments had been made to appellant on the Gilmore note by trustees from property in their hands conveyed

by Gilmore to indemnify the decedent and other guarantors on the note; that said guarantors were entitled to a *pro rata* share of said property; that upon such *pro rata* there would be due appellant in his judgment the sum of $156.66 with 7 per cent. interest from September 8, 1905; that there is yet in the hands of the trustees 140 acres of land valued at about $9,000; that decedent's estate is entitled to his *pro rata* share thereof, which being allowed would leave less than $50 due upon appellant's judgment. Before hearing, appellee filed an amended report showing that the remainder of land in the hands of the trustee had been sold for $6,000, which was paid to appellant, leaving a balance then due on the Gilmore note the sum of $3,432.18, and claiming that the decedent's *pro rata* share of this balance would be only $59.52 and all that should be paid upon the judgment. Exceptions to this report were filed by appellant. The case was heard by the court upon the report and exceptions, whereupon the administrator was ordered to pay appellant in full of his claim the sum of $211.55. Both parties appealed to the Circuit Court which, upon hearing, ordered the payment of $58.93 to be taken by appellant as payment in full. The case is now before us on appeal from the judgment and order of the Circuit Court.

In evident misapprehension of the force, effect and finality of the judgment of the County Court wherein appellant's claim against the estate of W. J. Perkins, deceased, was adjudicated, fixed and allowed for the sum of $315, the lower court committed error, for which the judgment of the Circuit Court must be reversed. The adjudication and allowance of a claim in the Probate or County Court is as binding, effective and conclusive upon all parties as to the matters in dispute, as is the judgment in any other form of action in any other court having jurisdiction. Ward v. Durham, 134 Ill. 195; Ford v. First National Bank, 201 Ill. 120. Whatever the foundation of the claim as originally filed, it was merged in the judgment of al-

Sinnickson v. Perkins.

lowance and thereafter it was not permitted the administrator to look beyond the judgment for his mandate and ·authority to pay the same out of funds in hand for the payment of claims of ·this class.  This was a judgment against the administrator and the assets in his hands for the payment of $315, with interest from date of allowance, and it could not be satisfied by the payment of any less sum, nor could the character, kind or merit of the original claim be interposed to justify a refusal to pay or in reduction of · the amount.  Even if appellee correctly states the obligation of the decedent under the written guaranty, it cannot avail him as an excuse or defense in this proceeding.  The court has already determined how much was due when the allowance was made and until that judgment is paid it stands as a conclusive adjudication of the decedent's obligation.  If, as contended, the property in the hands of trustees was to indemnify the decedent and other guarantors, and that payments made by the trustees on the principal note reduced proportionately the sum to be paid by the guarantors, the right of appellee to contribution or apportionment of payments on the principal note since the judgment could not be adjudicated by the court in this proceeding.  The payments were not made or received to apply on the judgment but on the note, nor is there such connection between the payments and judgment that the court may make the application.  It is not within the equitable power or jurisdiction of the County Court to determine the rights and liabilities of the numerous parties interested in the administration of the trust, to which counsel allude, even though the proceedings were instituted for that purpose.  The parties to be affected by such an adjudication are not in court.  Some of the guarantors have paid in full, some in part and some nothing at all.  There yet remains of the principal note due and unpaid the sum of $3,532.18, for which, according to counsel, the decedent's liability was that of surety.  In this complicated

and unsettled condition respecting the rights and liabilities of many persons under the note and guaranties in the disposition of the trust property alluded to, resort must be had to a court of chancery, which alone has jurisdiction in such cases. This was in no sense a proceeding for the adjustment of claims wherein the County Court has been given chancery jurisdiction. The judgment was final and conclusive under collateral attack, no less in the court which rendered the judgment than in any other court.

When considering the questions and argument from the standpoint of appellee's counsel, we find no competent evidence in the record to sustain his contention as to the contract and obligation of the decedent. The construction of this contract was before us in the case of Sinnickson v. Richter, opinion filed this term, and we there held, as we must hold in this case, that by the terms of the written guaranty the guarantor agrees to pay the sum of $345, with interest at seven per cent. from March 1, 1897, in case Gilmore fails to pay his note of $20,700 according to its terms. The only qualifying provision as to the guarantor's liability is in the statement that if the number of persons executing the agreement exceeds sixty, then the individual liability of each of the guarantors shall be the amount of the note divided by the number of signatures to the guaranty. The number of signatures did not exceed sixty, so that a reduction in the sum to be paid by apportionment is not within the terms of the written obligation. This is the contract as the parties themselves have expressed it in the writing and if it does not fully or correctly express the intention of the parties, a court of chancery is the proper forum in which to have it corrected. Parol evidence may not be heard in a court of law or in a Probate Court in proceedings such as are now under consideration, to alter or change the terms of the written contract. Until the Gilmore note is paid each of the guarantors were obligated to pay $345 and there is nothing in the terms

of the contract requiring that the payee of the note shall apportion liability among the several guarantors from time to time as payments are made.

The exceptions to the administrator's report should have been sustained and an order entered to pay the judgment. It was error to refuse this. For the reasons indicated the judgment of the Circuit Court will be reversed and the cause remanded with directions to sustain the exceptions to the administrator's report and for further proceedings consistent with this opinion.

*Reversed and remanded with directions.*