UNITED STATES v. ETTELSON et al.
No. 9118.

Circuit Court of Appeals, Seventh Circuit.
Jan. 27, 1947.

Sewall Key, J. Louis Monarch, and Hilbert P. Zarky, Assts. to Atty. Gen., Timothy T. Cronin, U. S. Atty., of Milwaukee, Wis., and S. Dee Hanson, Sp. Asst. to Atty. Gen., for appellant.

James L. McMonigal, of Berlin, Wis., and Harry V. Meissner, of Milwaukee, Wis., for appellee.

Before SPARKS and MINTON, Circuit Judges, and LINDLEY, District Judge.

MINTON, Circuit Judge.

This suit was commenced on April 3, 1944 to enforce a lien for unpaid income taxes against a piece of real estate located in Green Lake County, Wisconsin, and owned in his lifetime by the deceased taxpayer, Samuel A. Ettelson.[1] The District Court after trial dismissed the Government's complaint because of its failure to prove the specific dates upon which the assessment lists were received by the Collector of Internal Revenue for the First District of Illinois, which District includes the City of Chicago where the deceased taxpayer had lived. For such failure of proof the District Court held that the Government had no lien. From this judgment, the Government has appealed.

The contest here is only between the United States Government and one Frank G. Lueck, and between the Government and the County of Green Lake. Lueck on November 21, 1940 became the assignee of certain certificates for delinquent real estate taxes assessed against the property in question by the County of Green Lake, which taxes became delinquent in the year 1939; Green Lake County is the owner of certificates for delinquent taxes on this property for the years subsequent to 1939. The question of priority is not before us as it was not decided by the District Court. In fact, the sole question for decision is whether the Government failed to prove that it had a lien.

The defendants contend that the Government failed because there was no competent evidence, first, that the assessments were made within three years after the taxpayer had filed his returns; and secondly, that the Government had failed to prove the precise dates upon which the assessment lists were received by the Collector of Internal Revenue for the First District of Illinois.

As to the first point. The pertinent provision of the statute is Section 275 of the Internal Revenue Code [2] which provides that the assessment must be made within three years after the filing of the return by the taxpayer. As its Exhibit No. 3, the Government introduced in evidence, without objection, certified copies of the assessment certificate and the pertinent portion of the January 1, 1937 income tax

---

[1] 26 U.S.C.A. Int.Rev.Code, § 3678.

[2] 26 U.S.C.A. Int.Rev.Code, § 275.

assessment list, First Illinois Collection District, assessing an additional tax against the taxpayer for the year 1934. This certificate and list were executed under the seal of the Treasury Department of the United States. This Exhibit No. 3 and the Government's Exhibits Nos. 4 to 10, inclusive, were all of similar import and showed assessments by the Commissioner of Internal Revenue against the taxpayer for the years 1934, 1935, 1936, 1937, and 1938 in the total sum of $96,242.96. Since these certified copies were under the seal of the Treasury Department, they were admissible in evidence by the terms of the statute, and we are required by the same statute to take judicial notice of the seal. 28 U.S.C.A. § 661.

From the assessment list for January 1, 1937, we learn that the Commissioner on January 8, 1937 assessed the taxpayer additional income tax for the year 1934 in the sum of $26,724.63, with interest calculated to January 8, 1937 in the sum of $2,911.52 or a total of $29,636.15, with which the Collector for the First District of Illinois was charged as of the date January 8, 1937. So as to this assessment there can be no question but that it was made within three years of the filing of the return for 1934, which could not have been filed before January 1, 1935.

From these certificates from the office of the Commissioner of Internal Revenue, all under the seal of the Treasury Department, it is undisputed on this record that all of the assessments were made within three years of the filing by the taxpayer of his return for each of the years 1934, 1935, 1936, 1937, and 1938.

As to the second question. Did the Government fail to establish it had a lien by failure to prove the precise dates upon which the Collector received the assessment lists?

■ Samuel A. Ettelson died May 9, 1938, and to enforce the collection of these assessments, the Collector filed a claim therefor against his estate in the Probate Court of Cook County, Illinois. A certified copy of this claim was filed in the trial of this case without objection or limitation of any kind. While this certified copy of the claim may not have been the best evidence, it was admitted without objection and will be considered for what it shows that may be material to this case. Kansas City Southern Railway Company v. C. H. Albers Commission Co., 223 U.S. 573, 596, 32 S.Ct. 316, 56 L.Ed. 556; Diaz v. United States, 223 U.S. 442, 450, 32 S.Ct. 250, 56 L.Ed. 500; United States v. McCoy, 193 U.S. 593, 598, 24 S.Ct. 528, 48 L.Ed. 805; Simmons et al. v. Stern, 10 Cir., 9 F.2d 256, 257, and cases cited; Board of Sup'rs. of Riverside County, Cal., et al. v. Thompson et al., 9 Cir., 122 F. 860, 863; United States v. Homestake Mining Co., 8 Cir., 117 F. 481, 489.

From an examination of this claim certified from the Cook County Probate Court, it is uncontradicted that on September 30, 1938 the Collector executed and on October 3, 1938 filed claim for unpaid income taxes assessed against Samuel A. Ettelson for the following years:

|  | Amount of Tax | Interest |
|---|---|---|
| 1934 | $29,136.15* | $3,037.82 |
| 1935 | 2,043.15 | 128.30 |
| 1936 | 3,542.99 | 168.17 |
| 1937 | 8,999.72 | 130.43 |
| Total | $47,186.73 | |

This claim was allowed by the Probate Court in full on February 9, 1939.

The interest of the deceased taxpayer in the real estate involved, it was stated at the argument, was worth approximately $10,000. We shall not burden this opinion with the recital of further claims filed.

■ We think the evidence on this record is uncontradicted and the inference inescapable that on September 30, 1938, the date on which the Collector executed the claim above set forth, he had in his possession the assessment lists for 1937 and 1938 upon which this claim was based. It will be presumed in the absence of evidence

---

* The amount of this item of the claim varies from the amount stated in the January 1, 1937 list because a payment of $500 had been made thereon in the lifetime of the taxpayer.

196

to the contrary, of which there is none in this record, that the Collector of Internal Revenue, a public official acting in his official capacity in executing this claim on September 30, 1938, had in his possession the assessment lists for 1937 and 1938 to which he referred in the claim he filed and which were his authority for acting. R. H. Stearns Co. v. United States, 291 U.S. 54, 63, 54 S.Ct. 325, 78 L.Ed. 647; United States v. Royer, 268 U.S. 394, 398, 45 S.Ct. 519, 69 L.Ed. 1011.

■ Furthermore, we agree with the District Court that the filing of the claim in the Probate Court against the estate of the deceased taxpayer was a demand of payment made at the only place that it could be made. That being so, the amount demanded was a lien upon all of the property of the taxpayer, pursuant to Section 3670 of the Internal Revenue Code.[3] Section 3671 of the Code[4] fixes the time when the lien shall arise as the time the assessment list was received by the Collector. That he had the assessment lists on September 30, 1938 we have held, and the lien was then continuing unless the liability for the amount claimed was satisfied or became unenforceable by reason of lapse of time.

■ There is no contention that the liability was satisfied. There was an allegation in the answer of the defendants that the lien was barred by operation of law because the action to enforce it was not commenced within the time allowed by the statute of limitations. The only statute of limitations cited is the six-year limit provided in Section 276 of the Internal Revenue Code.[5] If this section is a limitation upon the action of the Government, which we shall assume, we agree with the District Court that the filing of the claim in the Probate Court was a proceeding in court[6] to collect these taxes, and that it was commenced on October 3, 1938 and was within six years of the dates the assessments were made. It is this claim upon which the lien asserted in this suit is partially based. The claim in the sum of $47,186.73 filed on October 3, 1938 and allowed by the Probate Court on February 9, 1939 was a judgment[7] in that amount, and the form of the obligation owing the Government was changed from an unliquidated claim to a claim based on judgment.

This claim was a proceeding in court within the meaning of Section 276 of the Internal Revenue Code and was brought within six years of the dates of assessment as provided therein. This court proceeding was sufficient to stop the running of the statute of limitations contained in this section. The judgment could thereafter be enforced at any time. There is no Federal statutory provision as to the period of limitation on this judgment. Investment & Securities Co. v. United States, 9 Cir., 140 F.2d 894, 896. The judgment was a proper claim upon which to assert a lien. The Government had a lien on September 30, 1938 which had not been satisfied nor barred by the lapse of time.

■ The District Court erred in holding that the precise date that the lien arose had to be proved and that the Government had no lien because of failure to make such proof. For that reason, the judgment of the District Court is reversed, and the cause is remanded with instructions to restate its findings of fact and conclusions of law in accordance with this opinion.

[3] 26 U.S.C.A. Int.Rev.Code, § 3670.
[4] 26 U.S.C.A. Int.Rev.Code, § 3671.
[5] 26 U.S.C.A. Int.Rev.Code, § 276.
[6] United States v. Paisley, D.C., 26 F. Supp. 237.

[7] Ford v. First Nat. Bank, 201 Ill. 120, 128, 66 N.E. 316, 317, 318; Mitchell v. Mayo, 16 Ill. 83, 84.