Mildred Strang Schmalz, Administratrix of the Estate of Anna M. Cowen, Deceased, Appellee, v. Estate of Walter B. Strang, Deceased, Vert M. Day, Sole Legatee, Appellant.

Gen. No. 9,111.

428

filed January 24, 1939.

Stevens & Herndon, of Springfield, for appellant.

Robert E. Harmon and Edward J. Flynn, both of Jacksonville, for appellee.

Per Curiam.

This is an appeal from a judgment of the circuit court of Greene county, dismissing an appeal pending in said court from an order and judgment of the county court of Greene county.

The will of Walter B. Strang, deceased, was admitted to probate and record in the county court of Greene county, and by the terms of which the appellant, Vert M. Day, was named the sole legatee and devisee of his estate. W. J. Sullivan, named in the will as executor, having died, the court upon petition of the heirs at law of said deceased, appointed A. D. McLamar, husband of one of the heirs at law, administrator with the will annexed of said estate.

He fixed upon the May term, A. D. 1934, of the county court of Greene county as claim term, and gave due notice thereof. On October 8, 1934, Anna Cowen, now deceased (whose administratrix, Mildred Strang Schmalz, has been substituted by order of this court as appellee herein), filed a claim against said estate; and A. D. McLamar, administrator, etc., entered his appearance and consented to the allowance of the same on November 27, 1934, which claim was allowed by the

court in the sum of $5,362.05, as of the sixth class, on said day.

On December 27, 1934, appellant, Vert M. Day, filed his motion, objecting to the claim and moving the court to vacate and set aside the order allowing the same. On October 29, 1936, the claimant, Anna Cowen, filed her motion to strike the objections and motion of appellant to vacate and set aside said claim. On December 4, 1936, leave was granted appellant to file an amended motion to vacate the judgment, which motion charged that said claimant procured the same to be allowed in the sum of $5,362.05, when she knew that the estate of Walter B. Strang, deceased, was not indebted to her in excess of the sum of $3,319.59, and that said administrator, when he entered his appearance on said claim and consented to its allowance, had in his possession the books, records and accounts of said deceased, covering the period to which said claim related, and that said administrator knew, or by the exercise of ordinary diligence should have known, that said Walter B. Strang was not indebted to Anna Cowen in excess of said sum of $3,319.59, and charges upon information and belief that the claimant, Anna Cowen, since the filing of the claim, has admitted that part of it was included by error and mistake and should not have been included, and was not due or owing to her.

On March 4, 1937, the court, upon hearing the motion to vacate the allowance of the said claim, denied said motion and granted the motion of Anna Cowen to strike such objections and motion to vacate the judgment, and further ordered that the motion to vacate the allowance of the claim, as amended, be stricken.

Vert M. Day prayed an appeal to the circuit court of Greene county, and the court fixed the amount of the appeal bond at the sum of $100 with sureties to be approved by the court, and on March 15, 1937, the ap-

peal bond was approved by the court and filed in said cause.

On June 11, 1937, the claimant, Anna Cowen, filed her motion in the circuit court of Greene county to dismiss the appeal of appellant. It is first claimed that the circuit court had no jurisdiction of the subject matter of the appeal; that the appeal was not filed in accordance with the provisions of (section 68 of the Administration Act, Ill. State Bar Stats. 1935, ch. 3, ¶ 69 [Jones Ill. Stats. Ann. 110.069] Smith-Hurd Ann. St., ch. 3, § 69), which provides that in case of the allowance or rejection of a claim by the county court, an appeal may be taken to the circuit court of the same county, in the same time and manner appeals are taken from justices of the peace, upon giving bond, etc., and that no appeal bond was filed within 20 days from the date of the allowance of the claim.

That the motion to set aside the allowance of the claim was filed in the county court 30 days after entry of the judgment allowing the same, and did not give the court jurisdiction to set aside the allowance of said claim; that after the time for appeal had expired, the judgment of the county court was conclusive against said legatee and the circuit court has no jurisdiction to entertain an appeal after the expiration of the 20 days from the entry of the judgment allowing the claim.

We are of the opinion that the position of the attorneys for claimant, Anna Cowen, is not tenable. In the first place this is not an appeal from the allowance of a claim, but is an appeal from the order denying the motion of appellant, Vert M. Day, moving the court to vacate and set aside the allowance of the claim and permit him, the sole legatee and devisee, to defend.

Prior to the enactment of the Civil Practice Act a judgment became final upon the expiration of the term of court at which it was entered, and the court had jurisdiction to set aside or vacate or annul the same

during said time, and also to entertain a motion made during said time to vacate such judgment, and if such motion was not disposed of during such term the court still had jurisdiction of the cause until judgment was entered upon such motion, and an appeal could be taken from an order granting or denying such motion in the same time and manner as from other judgments. Since the enactment of the Civil Practice Act, however, terms of county courts are abolished, and under the provisions of the statute (Smith-Hurd Ann. St., ch. 77, §§ 82, 83; Callaghan's Ill. St. Ann. 1932–1935 Supp., ch. 110, ¶¶ 268, 269) a judgment, decree or order, final in its nature, of any court of record in any civil or criminal proceeding shall have the same force and effect as a conclusive adjudication, upon the expiration of 30 days from the date of its rendition as, under the law heretofore in force, it has had upon the expiration of the term of court at which it was rendered. And any such judgment may be modified, set aside or vacated prior to the expiration of 30 days from the date of its rendition or in pursuance of a motion made within such 30 days, wherever under the law heretofore in force, it might have been modified, set aside or vacated prior to the expiration of the term of court at which it was rendered or in pursuance of a motion made at that term.

Appellant was sole legatee and devisee of said estate, and the only person interested in the residuum thereof after the payment of the debts, and it appears that the estate is solvent, and as sole legatee and devisee he has such a standing as to enable him to institute a proceeding to have vacated and set aside a judgment against the administrator, procured through fraud or mistake.

County courts have such equitable jurisdiction in respect to all matters in its charge in the settlement of estates that it may on motion made at a subsequent term to the entry of a judgment allowing a claim

against an estate set such judgment aside, if fraud or mistake has entered into its allowance. *Schlink v. Maxton,* 153 Ill. 447, 38 N. E. 1063; *Sherman v. Whiteside,* 190 Ill. 576, 60 N. E. 838.

Even though appellant had not made his motion to vacate and set aside the allowance of said claim within 30 days from the date of its allowance by the county court, yet the motion having charged that fraud and mistake had entered into the allowance of such claim, the circuit court of Greene county was in error when it sustained the motion of Anna Cowen, appellee, to dismiss the appeal on the ground that the court was without jurisdiction to entertain such appeal, because of the reason advanced by appellee, that the motion was made more than 20 days after the entry of the judgment, the time within which an appeal could be taken, and that after the time for an appeal had expired, the county court had no jurisdiction to set aside the allowance of the claim, and therefore the circuit court was without jurisdiction to entertain such appeal.

The appellant in his petition for rehearing strongly contends that he is entitled to have the suit proceed in the circuit court in exactly the same manner as if he had taken and perfected an appeal on the same day on which the county court entered its judgment; then to have the circuit court try the cause *de novo,* and not determine whether the county court may have proceeded erroneously but to comply with the language of the statute and try the claim upon its merits without any preliminary hearing as to the regularity of the county court denying his motion to vacate the judgment.

It is our opinion that in order for appellant to have what he asked for in the rehearing, he should have complied with section 69, chapter 3 [Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 110.069], which he did not do.

The right to appeal from a probate proceeding to a circuit court is purely statutory, and a strict compliance with the statute granting such right is required. (*Davison v. Heinrich,* 340 Ill. 349; *In re Estate of Boening,* 274 Ill. App. 434.)

Appellant points out that he is entitled to call upon the county court within 30 days of the entry of the judgment to correct its own error, and failing in this he can then appeal from the original judgment, even though the 20 days provided by the statute have expired, just as he could have done in the first instance. This same contention was made in the case of *Freeland v. Estate of Freeland,* 245 Ill. App. 286. The Appellate Court for the Fourth District held that, even though an application could be made to set aside a judgment any time during the term, and even after the expiration of 20 days, nevertheless, to take an appeal from its original judgment, it was necessary to perfect the appeal by filing the bond within the 20 days as provided by the statute. While it is true that under section 83, of ch. 77, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 104.100], that appellant had 30 days, after the entry of the judgment, to make the motion to set it aside, it does not follow that on an adverse ruling on said motion that he is then entitled to take the appeal from the original judgment under section 69 of the Administration Act, even though the 20 days have expired. To make this construction would nullify the express terms of section 69 of said act. The most that he is entitled to is an appeal from the order denying his motion to vacate.

The judgment of the circuit court of Greene county dismissing said appeal is reversed and the cause is remanded to said court with directions to hear the motion of appellant as amended, to vacate and set aside the judgment allowing said claim, and if the court shall find from the evidence that fraud or mistake entered

into the allowance of said claim by the county court of Greene county, it shall vacate said judgment and try said claim *de novo* and permit appellant to defend against the allowance of the same.

*Reversed and remanded with directions.*