Agnes D. Broodeen, as Administrator of the Estate of Luther Broodeen, Deceased, and Individually, Petitioner-Appellant, v. Lyman Gustus, as Administrator of the Estate of Forrest L. Hallin, Deceased, and Commercial National Bank of Peoria, Illinois, as Executor of the Will of Robert E. Taylor, Deceased, Respondents-Appellees.

Gen. No. 11,301.

Second District, Second Division.

February 8, 1960.

Released for publication February 25, 1960.

Harper Andrews and Campbell Andrews, of Kewanee, and Raymond V. Sar, of Alexandria, Virginia, for petitioner-appellant.

Paul A. Cushman, of Kewanee, for Lyman Gustus, and Ewan and Fulton, of Kewanee, for Commercial National Bank of Peoria, respondents-appellees.

JUSTICE WRIGHT delivered the opinion of the court.

The Commercial National Bank of Peoria, as Executor of the Estate of Robert Taylor, deceased, on July 26, 1949, filed in the County Court of Henry

335

County, Illinois, in the matter of the Estate of Forrest L. Hallin, deceased, a claim based on a promissory note in the amount of $4,352.95, signed by Forrest L. Hallin, dated February 19, 1937, payable on demand to R. E. Taylor. On September 29, 1949, Lyman Gustus, as Administrator of the Estate of Forrest L. Hallin, deceased, entered his appearance on the back of the claim and consented to its allowance. The County Court of Henry County, on October 5, 1949, entered an order allowing the claim.

Luther Broodeen, an heir of the decedent, Forrest L. Hallin, on April 9, 1952, filed a motion to vacate the allowance of said claim and on October 6, 1952, he also filed a petition to the same effect. Both the motion and petition were filed in the County Court of Henry County. Motions to dismiss said motion to vacate and petition to vacate were filed by the Executor of the Taylor Estate and the Administrator of the Hallin Estate and both were granted by the County Court on December 23, 1952, and the petition to vacate was dismissed. An appeal was then taken to the Circuit Court of Henry County by the petitioner, Luther Broodeen. Luther Broodeen died and Agnes D. Broodeen, as Administrator of the Estate of Luther Broodeen, deceased, and individually was substituted as the petitioner. The Circuit Court of Henry County heard arguments on the motion to dismiss the petition filed by the Administrator of the Hallin Estate. While the matter was under advisement by the Circuit Court, the petitioner, on December 16, 1958, asked leave to amend the petition by adding additional allegations charging a fraud on the County Court in the allowance of said claim. The Executor of the Taylor Estate filed written objections to the amendment as offered and leave to amend was denied.

On February 2, 1959, the Circuit Court sustained the motion to dismiss and dismissed the petition to

336

vacate the allowance of the claim. The petitioner thereupon filed a motion to vacate the order of the Circuit Court and requested leave of court to amend her petition by filing an entirely new and revised petition, which was tendered for filing with the motion. The motion to vacate the order dismissing the petition and the request for leave to file a new amended petition were denied.

The petitioner-appellant contends that the allowance of the claim under the circumstances alleged in the first petition was founded on fraud and mistake and the allowance of the claim should be vacated and the Taylor Estate required to prove its claim. Petitioner further argues that if the first petition was insufficient to show fraud and mistake the petitioner should be permitted to amend her petition.

The respondents'-appellees' theory is that the promissory note was a valid claim and the administrator was justified in consenting to its allowance. Respondents further contend that Luther Broodeen was guilty of laches in waiting more than two years to file his petition to set aside the claim and that the petition alleged no facts showing fraud, accident or mistake to justify the court in setting aside the judgment allowing the claim more than thirty days after its rendition.

The petition to vacate the allowance of the claim alleges that on July 26, 1949, the Commercial National Bank of Peoria, as Executor of the Will of Robert E. Taylor, deceased, filed its claim for principal and interest on a certain promissory note attached thereto in the amount of $4,352.95; that on or before October 4, 1949, Lyman Gustus, as Administrator of the Estate of Forrest L. Hallin, deceased, by endorsement on said claim waived service of process thereon and entered his appearance to said claim and consented to its allowance in the amount of $4,352.95; and that the

337

same was thereupon allowed by the County Court on October 4, 1949. The petition further alleges that the note is dated February 19, 1937, and payable on demand to R. E. Taylor; that it is signed by the said Forrest L. Hallin and that the ten year Statute of Limitations on the prosecution of said note expired on February 19, 1947; and that the said Administrator of the Estate of Forrest L. Hallin, deceased, did not interpose or file any plea of the Statute of Limitations. The petition continued and alleged, in part, as follows:

"Your petitioner further shows that he had no knowledge or notice of said note or the filing of said claim thereon or the allowance thereof, until some weeks after the filing of the petition to sell real estate to pay debts in said estate, on or about October 6, 1949, when he prepared a pleading to said petition, and since said date petitioner has diligently investigated the facts with reference to said note and claim and finds there is no evidence which can be presented in this court to overcome the defense of the Statute of Limitations, if the same is interposed, to said claim, and, if said defense had been interposed, to said claim, and, if said defense had been interposed against the said claim, it would have been disallowed.

"Your petitioner further alleges that it was the legal duty of the said Gustus as administrator to raise the defense of the Statute of Limitations and file a pleading in answer to said claim and require the complainant to produce evidence to prove said claim before the same was allowed, *and the failure to file such plea and answer and require such proof was a mistake, and the allowance of said claim should be set aside and vacated.*

"Your petitioner shows that he is one of the heirs at law of the said Forrest L. Hallin, deceased, and has an undivided interest in all of the real estate and personal property in this estate." (Emphasis Added.)

338

The respondents-appellees to support their position rely heavily on Ford v. First Nat. Bank of Stuart, Iowa, 201 Ill. 120, 66 N. E. 316, stating that this case is squarely in point for the proposition that the allowance of a claim against an estate is conclusive so far as the personal property of the estate is concerned and that it is not within the function of the court to permit other persons to attack the allowance in the method here attempted for the reason that it would be an intolerable burden to require the claimant to litigate against all other parties. We cannot agree that the Ford case, supra, is authority for the decision of the trial court in the instant case. In the Ford case, supra, there was a petition by a creditor against an estate and other creditors asking for a re-classification of claims allowed. This petition by the creditor was filed more than a year after all of the claims had been allowed and classified. The petition did not allege nor did petitioner contend that the judgment classifying the claims was entered by fraud, accident or mistake. The County Court refused to re-classify the claims, which order of the County Court was reversed by the Circuit Court on appeal, and affirmed by the Appellate Court. The Supreme Court reversed the Circuit Court and Appellate Court and upheld the action of the County Court in denying a re-classification. The Supreme Court stated at pages 128 and 130 of 201 Ill. and at page 318 of 66 N. E., the following:

"Upon the allowance of a claim against an estate, each creditor, if he deems himself aggrieved, has a right to an appeal or to a writ of error, and failing to exercise this right the judgment is conclusive as to him, *and in the absence of fraud, accident, or mistake* the judgment of the county court cannot be vacated at a subsequent term by the court. . . .

"It is not contended by appellee that the judgment of the county court allowing the claim and classifying it as of the sixth class was entered by *fraud, accident,*

*or mistake,* and appellants, having litigated their claims with the legal representatives of the estate, should not be compelled to again litigate them with the creditors of the decedent, who were all represented in court by the legal representative of said estate." (Emphasis Added.)

In Schmalz v. Strang's Estate, 298 Ill. App. 427, 19 N.E.2d 203, a claim was allowed on November 27, 1934, by consent of the administrator of the decedent's estate in favor of Anna Cowen, later represented by Mildred Strang Schmalz, her administrator. A motion to vacate the claim was filed on December 27, 1934, which was alleged to be later than thirty days after the judgment allowing the claim. The County Court and the Circuit Court, on appeal, dismissed the motion to vacate the claim but the Appellate Court reversed the judgment and remanded the cause with directions to hear the motion to vacate the claim, and if fraud or mistake entered into the allowance of the claim, the trial court was to vacate the judgment, try the claim de novo and permit the appellant to defend against the allowance of same. The court stated at page 431 of 298 Ill. App. and at page 205 of 19 N.E.2d, the following:

"County Courts have such equitable jurisdiction in respect to all matters in its charge in settlement of estates that it may on motion made at a subsequent term to the entry of a judgment allowing a claim against an estate set such judgment aside, if fraud or mistake has entered into its allowance."

 An heir-at-law has a standing in court to institute a proceeding to set aside the allowance of a claim by the Probate Court through fraud and the County Court, in the settlement of estates of deceased persons, exercises an equitable jurisdiction. Marshall v. Coleman, 187 Ill. 556, 58 N. E. 628. The rule is well established by decisions of this state that the allow-

340

ance of a claim by the County Court is not conclusive against an heir when such allowance is subject to impeachment for fraud or collusion in a court of equity. Whittemore v. Coleman, 239 Ill. 450, 88 N. E. 228. It has been held often by the Illinois Supreme Court that the County Court or Probate Court, in the settlement of estates, is vested with equitable as well as legal powers and that in the administration of estates has equitable jurisdiction and may set aside the previous order or judgment if the entry of such was procured by fraud or was due in any way to accident or mistake. Fraud, accident, and mistake are well established grounds of equity jurisdiction. Heppe v. Szczepanski, 209 Ill. 88, 70 N. E. 737. An order allowing or disallowing a claim against an estate, where fraud or mistake has intervened may be set aside at a subsequent term. Gulzow v. Fillwock, 205 Ill. App. 366.

The trial court filed a well considered written opinion in support of its judgment in this case and the opinion is set out in full in the additional abstract of record. The opinion states, in part, as follows: "As for the exceptional situation in which a judgment may be set aside for fraud or mistake, that situation does not exist under the pleadings and evidence before this court. There is not a scintilla of evidence that the note was a fraudulent instrument, that there was no consideration therefor, or that the allowance was made for an ulterior motive." While we are in complete agreement on the statement of law pronounced by the trial court in its opinion, we cannot agree with the conclusion reached for the reason that no evidence was heard in support of the petition. The only matter before the court was the sufficiency of the petition which had been filed in the County Court to vacate the allowance of the claim in the amount of $4,352.95, against the estate of Forrest L. Hallin, deceased.

341

■■ The petition filed herein to vacate the judgment allowing the claim stated that the administrator had failed to raise the defense of the Statute of Limitations and clearly alleged that, "the failure to file such plea and answer and require such proof was a mistake." At the time of the filing of the petition to vacate the judgment allowing the claim the estate was still open and pending. The motion to dismiss the petition should have been overruled; the respondent permitted to answer and evidence heard on the petition to vacate the order allowing the claim. Under all of the circumstances in the record before us, we cannot say that the petitioner was guilty of laches in presenting the petition. Since the issue of mistake was raised which is a ground of equitable jurisdiction the trial court should have heard evidence in support of the petition even though the petition was filed after thirty days of the rendition of the judgment.

Therefore, the judgment order of the Circuit Court of Henry County granting the motion of Lyman Gustus, as Administrator of the Estate of Forrest L. Hallin, deceased, to dismiss and dismissing the petition of Agnes D. Broodeen, as Administrator of the Estate of Luther D. Broodeen, deceased, and individually, to vacate the allowance of the claim of the Taylor Estate is reversed. Judgment is reversed and the cause remanded to the Circuit Court of Henry County.

Reversed and remanded.

SOLFISBURG, P. J. and CROW, J., concur.