In the Matter of the Estate of Alma P. Stubbs, Deceased. Alma P. Sackley, Appellant, v. Robert Picard, Appellee.

### Gen. No. 11,510.

Second District, First Division.

September 22, 1961.

150

John L. Enright and Daniel D. Tuohy, of Chicago, for appellant.

Ben H. Kessler and Edward A. Dvorak, of Chicago, for appellee.

SMITH, P. J.

Alma P. Stubbs died testate, leaving five nieces and nephews, children of a predeceased sister, as her only heirs and an estate of about $125,000. By the terms of her will she made certain specific legacies including $5,000 each to her nephews Robert and George Picard, nothing to a nephew Napoleon Picard and then divided the residue of her estate between two nieces, Alma P. Sackley and Agnes Burns, each receiving about $50,000. Robert Picard expressed dissatisfaction with the will, claimed it was unfair, that the testatrix was incompetent and unduly influenced and that he would cause trouble and contest the will. On April 9, 1959, at his request, his sister Alma P. Sackley, petitioner-appellant, signed and delivered to him, for an expressed consideration of "Ten Dollars ($10) and other good and valuable consideration" an assignment of $5,000 of her share of the estate. This assignment was not under seal, was recorded on June 8, 1960, was upheld as valid by the Probate Court and furnishes the subject matter of this appeal.

Robert Picard and his family left on an extended vacation on or about July 31, 1960 and did not return to their residence in Chicago until September 30. While he was away, and on August 11, 1960, Mrs. Sackley gave notice by U. S. Mail to Robert's correct Chicago address that she would present to the Probate

Court on August 16 her petition, copy of which was attached, asking that Court to hold the assignment null and void for want of consideration. The evidence is in dispute as to whether or not she then knew that Robert was out of the City. On August 16 her verified petition was heard as a default matter without benefit of testimony and an order entered holding the assignment null and void and of no force or effect.

Upon his return home on September 30, Robert Picard found the notice of the August 16 hearing among his mail, investigated the matter and on October 13, filed his petition to set aside the order of August 16 nullifying the assignment alleging that Mrs. Sackley knew that he would be absent from home for an extended time and that no actual notice of the hearing on August 16 was received by him until September 30. Mrs. Sackley answered this petition denying its allegations and averring that the assignment was without consideration and that the Court was without jurisdiction to hear Robert's petition as more than 30 days had elapsed since the entry of the order attacked. On October 20, Robert's petition was heard, evidence taken and the order of August 16 nullifying the assignment was vacated, set aside and for naught held. The original petition of Mrs. Sackley was then set for hearing, evidence heard and on November 10 an order entered denying her petition to set aside the assignment and directing the clerk of the court to deliver the check for $5,025 to Robert Picard in the absence of appropriate orders for appeal. The $5,025 had been previously deposited with the clerk. This appeal by Mrs. Sackley followed.

█ Mrs. Sackley first contends that the order nullifying the assignment became a final, conclusive adjudication thirty days after August 16 under Sec

82, Chap 77, Ill Rev Stats 1959, and was no longer subject to vacation or modification after thirty days under Sec 83 of the same chapter. Such a conclusion can only result from an astigmatic reading of the statute. Each section of the statute substitutes thirty days for the historical term of court and makes a final adjudication conclusive after thirty days or subject to modification or vacation within thirty days "under the law heretofore enforced." As early as Schlink v. Maxton, 153 Ill 447, 38 NE 1063, our Supreme Court held that a probate court could, after term and on motion, vacate a judgment on equitable grounds without the necessity of a bill in equity filed for the specific purpose. That a probate court, or a county court sitting in probate, exercises equitable powers in the settlement of estates and, in the exercise of such powers, may, after term, and now after thirty days, set aside a previous order or judgment if its entry was induced by or contaminated with fraud or was due in any way to accident or mistake is no longer open to question. Brodeen v. Gustus, 24 Ill App2d 334, 164 NE2d 288; Schmalz v. Strang's Estate, 298 Ill App 427, 19 NE2d 203; Tisdale, et al. v. Davis, 198 Ill App 116. The memorandum opinion of the Probate Court and the evidence heard by it leaves no doubt that Robert was without culpability, that the default occurred through no fault of his and that the order was mistakenly entered on the assumption that he had actual notice and the opportunity to defend. Furthermore, Robert's petition, subjected to no motion to strike, together with the evidence heard by the court is sufficient under Section 72 of the Civil Practice Act (Ill Rev Stats 1959, c 110, § 72) upon which to adequately and appropriately ground the Probate Court's judgment vacating the default order of August 16. Maierhofer v. Gerhardt, 29 Ill App2d 45, 172 NE2d 201.

The appellant further contends that her original petition to set aside the assignment for want of consideration should have been allowed and that it was error to deny it. Family settlements and disputes between rival claimants to an estate have been long considered the fair subject of compromise and settlement with mutual concessions between the parties providing the consideration for the agreement. Anderson v. Anderson, 380 Ill 488, 44 NE2d 43; In re Estate of Swift, 267 Ill App 224; Walker v. Shepard, 210 Ill 100, 71 NE 422; Cole v. Cole, 292 Ill 154, 126 NE 752. Free from any evidence, either in the inducement or the execution of fraud, want of good faith, incapacity, duress or public policy prohibitions such agreements have found almost universal favor and approval in courts of equity. None of these disabling elements are found in the evidence in this case. The parties were friendly, visited back and forth and it was only after the time for the contest of the will had gone by and Robert was away from home that Alma's petition was filed. The conclusion of the Probate Court that the consideration was adequate and that the assignment was knowingly and fairly consummated seems inescapable.

Accordingly, the order of the Probate Court vacating the order of August 16 nullifying the assignment and the order denying her petition to declare the assignment void for want of consideration are each correct and must be and each is hereby affirmed.

Judgment affirmed.

DOVE and McNEAL, JJ., concur.